IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **JERMAINE DONNELL BANKS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:16-09822** |
| ) | **Criminal Action No. 1:07-0157** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Petition for the Writ of *Audita Querela* citing 28 U.S.C. § 1651, the All Writs Act, (Document No. 115), filed on October 17, 2016.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 117.)

**FACTUAL AND PROCEDURAL HISTORY**

**1.     Criminal Action No. 1:07-0157:**

By Amended Information filed on August 27, 2007, Petitioner was charged with one count of knowingly and intentionally possessing with the intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 1:07-0157, Document No. 16.) Also on August 27, 2007, Petitioner waived his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and pled guilty to the Information. (Id., Document Nos. 17 - 20.) A Presentence Investigation Report was prepared. (Id., Document No.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

34.) The District Court determined that Petitioner had a Base Offense Level of 26, and a Total Offense Level of 31, the Court having applied an eight-level enhancement pursuant to U.S.S.G. § 4B1.1 because Petitioner met the criteria for career offender status, and a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document No. 35.) The District Court sentenced Petitioner on February 19, 2008, to serve a 192-month term of incarceration to be followed by a four-year term of supervised release. (Id., Document Nos. 33 and 36.)

Petitioner filed a Notice of Appeal on March 4, 2008. (Id., Document No. 37.) Trial counsel filed an Anders Brief challenging the reasonableness of Petitioner's sentence. On April 10, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Banks, 320 Fed.Appx. 198 (4th Cir. 2009).

**2.     Section 2255 Motion:**

On March 8, 2010, Petitioner filed a "Challenge to the United States District Court Application of Sentence Enhancement." (Criminal Action No. 1:07-0157, Document No. 58.) First, Petitioner alleged that the District Court improperly determined him to be a career offender pursuant to U.S.S.G. § 4B1.1.[2] (Id.) Next, Petitioner asserted that trial counsel was ineffective in

---

[2] Petitioner argued that his prior state court convictions were improperly considered as predicate convictions for purposes of classifying him as a career offender under U.S.S.G. § 4B1.1(a). Specifically, Petitioner asserted that his prior convictions for "delivery of a controlled substance" and "felony manufacture, sale, or possession of a controlled substance" were improperly considered because his prior convictions did "not imply any violent act, nor any serious felony drug conviction." (Criminal Action No. 1:07-0157, Document No. 58, pp. 2 - 3.)

At the time of Petitioner's sentencing, U.S.S.G. § 4B1.1(a) provided that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." According to his Presentence Report, Petitioner pled guilty on September 29, 1999, in the Circuit Court of McDowell County, West Virginia, to "Delivery of a Controlled Substance - Crack

failing to present mitigating circumstances surrounding his prior, non-violent, state court conviction. (Id.) Finally, Petitioner argued that the District Court imposed a sentence in violation of 18 U.S.C. § 3553(a). (Id.) The Clerk's office filed the above document as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id.)

On March 29, 2010, Petitioner filed a "Motion to Withdraw Previously Filed Pleading Construed as a Motion Under 28 U.S.C. 2255, or Alternatively, Motion for Leave to Amend and Extension of Time." (Id., Document No. 61.) Petitioner explained that he did not intend for his "Challenge to the United States District Court Application of Sentence Enhancement" to be construed as a Section 2255 Motion. (Id.) Therefore, Petitioner requested that the Section 2255 Motion be (1) dismiss without prejudice, or (2) he be allowed 60 days to amend his Section 2255 Motion. (Id.) By Order entered on January 16, 2013, United States Magistrate Judge R. Clarke VanDervort denied Petitioner's Motion for Extension of Time as moot by the passage of time. (Id., Document No. 75.) Judge VanDervort noted that Petitioner had more than adequate time to obtain his case file and to file any necessary amendments to his Section 2255 Motion. (Id.) By Proposed Findings and Recommendation entered on February 19, 2013, Judge VanDervort recommended that Petitioner's Section 2255 Motion be denied. (Id., Document No. 76.) By Memorandum and Opinion Order entered on March 11, 2013, United State District Judge David A. Faber adopted Judge VanDervort's recommendation and dismissed Petitioner's Section 2255

---

Cocaine" (99-F-67) and was sentenced to one to fifteen years. (Criminal Action No. 1:07-0157, Document No. 34, p. 11, ¶ 55.) On March 15, 2005, Petitioner pled guilty in the Circuit Court of Tazewell County, Virginia, to "Felony Manufacture, Sale, or Possession of a Controlled Substance" and was sentenced to ten years. (*Id.*, p. 14, ¶ 68.) Petitioner appears to contend that his above convictions did not meet the requirements of U.S.S.G. § 4B1.1(a)(3). U.S.S.G. § 4B1.1(a)(3) required that the defendant have "at least two prior felony convictions of either a crime of violence *or* a controlled substance offense." Petitioner clearly had two prior felony controlled substances convictions. There was no requirement that the felony conviction for a controlled substance offense be a violent crime.

Motion. (Id., Document Nos. 78 and 79.)

Petitioner filed a Notice of Appeal. (Id., Document No. 77.) On July 23, 2013, the Fourth Circuit dismissed Petitioner's appeal. (Id., Document No. 84.) On August 15, 2013, Petitioner filed in the Fourth Circuit a petition for rehearing seeking an enlargement of time to file Objections to the Magistrate Judge's Report and Recommendation." (Id., Document No. 87.) By Order filed on September 25, 2013, the Fourth Circuit denied Petitioner's petition for rehearing and notified Petitioner that he "must seek relief, if it all, by filing a Fed. R. Civ. P. 60(b) motion for reconsideration in the district court." (Id., Document No. 89.) On October 15, 2013, Petitioner filed a Motion for Reconsideration in this Court requesting additional time to file Objections to Judge VanDervort's Proposed Findings and Recommendation. (Id., Document No. 91.) On February 14, 2014, Petitioner filed a letter-form Motion for Extension of Time to file Objections to Judge VanDervort's Proposed Findings and Recommendation. (Id., Document No. 94.) By Memorandum Opinion and Order entered on March 14, 2014, Judge Faber denied Petitioner's above Motions. (Id., Document No. 95.) On April 14, 2014, Petitioner filed his Notice of Appeal. (Id., Document No. 97.) On November 12, 2014, the Fourth Circuit dismissed Petitioner's appeal. (Id., Document Nos. 102 and 103.)

3. **Section 3582 Motion:**

On March 12, 2015, Petitioner, acting *pro se*, filed a Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction based the retroactive application of the November 1, 2014, amendment to the United States Sentencing Guidelines. (Id., Document No. 107.) By Memorandum Opinion and Order entered on January 12, 2016, the District Court appointed counsel to represent Petitioner concerning his

4

Section 3582(c)(2) Motion and directed that the United States file a Response. (Id., Document No. 108.) On January 12, 2016, the United States filed its Response arguing that Petitioner was not eligible for a sentencing reduction under the 2014 drug amendment. (Id., Document No. 109.) On January 22, 2016, Petitioner, by counsel, filed his memorandum conceding that Petitioner was not eligible for a reduction of his sentence. (Id., Document No. 110.) By Memorandum Opinion and Order entered on March 25, 2016, the District Court denied Petitioner's Motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). (Id., Document No. 111.)

**4.      Request for Authorization to File a Successive Section 2255 Motion:**

On August 9, 2016, Petitioner filed with the Fourth Circuit a Request for Authorization to File a Successive Section 2255 Motion pursuant to 28 U.S.C. § 2244. (Id., Document No. 112.); In re: Jermaine Donnell Banks, Case No. 16-3029 (4th Cir.). In support, Movant attached a copy of his successive Section 2255 Motion asserting the following grounds: (1) Ineffective assistance of counsel and prosecutorial misconduct resulting in an unknowing and involuntary guilty plea; (2) "Petitioner is entitled to specific performance of the plea agreement in which Petitioner plead guilty to 17 grams of cocaine base and nothing else;" and (3) "The U.S. Probation and U.S. District Court both erred when determining drug quantity attributable to Petitioner resulting in two (2) level or two (2) point increase in his Total Offense Level."[3] (Id., Document Nos. 112-1

---

[3] Petitioner asserts nearly identical arguments in his instant Petition for Writ of *Audita Querela*. (Civil Action No. 16-9822, Document No. 115.) Specifically, Petitioner asserts as follows: (1) "Whether Petitioner is entitled to have his sentence vacated and resentenced pursuant to the terms set forth in the plea agreement by reason of ineffective assistance of counsel" (*Id.*, pp. 17 – 23.); (2) "Whether Petitioner banks is entitled to specific performance of the plea agreement and to have his sentence reduced as a direct result of the Government's prosecutorial misconduct, deception, and breach of plea agreement" (*Id.*, pp. 24 – 28.); and (3) "The U.S. Probation Office and the U.S. District Court both erred when determining the drug quantity attributable to Petitioner Banks resulting in a two point increase in this total offense level when characterized

and 112-2.) By Order filed on August 16, 2016, the Fourth Circuit denied Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. (Id., Document No. 114.)

5.     **Petition for Writ of *Audita Querela*:**

On October 17, 2016, Petitioner filed his instant "Petition for Writ of Audita Querela" pursuant to 28 U.S.C. § 1651. (Id., Document No. 115.) First, Petitioner argues that he is entitled to relief under the All Writs Act because "his sentence was correct when imposed, but became incorrect (unconstitutional) after the judgment." (Id., pp. 6 - 7.) Petitioner states that at the time of the sentencing, the District Court correctly applied the Sentencing Guidelines as mandatory. (Id.) Citing United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), Petitioner states that the Sentencing Guidelines are now advisory. (Id.) Second, Petitioner argues that relief under Section 2255 is unavailable because his Section 2255 Motion would now be untimely and successive. (Id., pp. 7 - 8.) Petitioner acknowledges that the Fourth Circuit would not grant authority to file a successive Section 2255 Motion based upon Booker because "the Supreme Court has not made Booker retroactive for purpose of a Section 2255 Motion." (Id., p. 7.) Finally, Petitioner argues that "there exist serious questions to the constitutional validity to 28 U.S.C. §§ 2255 and 2241." (Id., p. 10.)

After concluding that he is entitled to seek relief pursuant to a petition for writ of *audita querela*, Petitioner sets forth the following grounds for relief: (1) Petitioner "is entitled to have his sentence vacated and resentenced pursuant to the terms set forth in the plea agreement by reason of ineffective assistance of counsel" (Id., pp. 17 - 23.); (2) Petitioner "is entitled to specific performance of the plea agreement and to have his sentence reduced as a direct result of

---

and sentenced as a career offender pursuant to the United States Sentencing Guidelines § 4B1.1(a)" (*Id.*, pp. 29 – 32.).

the Government's prosecutorial misconduct, deception, and breach of plea agreement" (Id., pp. 24 - 28.); and (3) "The U.S. Probation Office and the U.S. District Court both erred when determining the drug quantity attributable to Petitioner resulting in a two point increase in his total offense level when characterized and sentenced as a career offender pursuant to the United States Sentencing Guidelines." (Id., pp. 29 - 32.) In support, Petitioner contends that although he plead guilty to 17 grams of cocaine base, the District Court increased Petitioner's Base Offense Level by two-level based upon 57.6 grams of powder cocaine. (Id., p. 15.) Petitioner contends that the forgoing resulted in a breach of his plea agreement because he only plead guilty to 17 grams of cocaine base. (Id.) Petitioner further argues that the foregoing evidences that Petitioner "did not enter a plea that was knowingly, intelligently, and voluntarily made." (Id., p. 16.) Finally, Petitioner explains that he was provided "misleading advice and information . . . by defense counsel and the Assistant U.S. Attorney that he would only be held liable and accountable for 17 grams of cocaine base." (Id., p. 16.)

As Exhibits, Petitioner attaches the following: (1) A copy of pertinent pages from the transcripts of Petitioner's plea hearing (Document No. 115-1.); (2) A copy of pertinent pages of Petitioner's Presentence Investigation Report (Document No. 115-2.); and (3) A copy of Page 14 of Petitioner's Plea Agreement (Document No. 115-3.)

## **DISCUSSION**

Writs of *audita querela* are available when there is a legal objection to a conviction which has arisen after sentencing for which there is no other remedy. United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va. March 30, 2009)(quoting United States v. LaPlante, 57 F.3d 252, 253 (2nd Cir. 1995)). Writs of *audita querela*, however, may be issued "only to the extent

that they 'fill the gaps' in the current system of federal post-conviction relief." Hairston, supra, 2009 WL 891929 at * 2(quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997)). The Fourth Circuit has explained as follows:

> A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255. *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992)(explaining that audita querela may not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under § 2255). That fact that [petitioner] cannot proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001)("We agree with our sister circuits . . . that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255.").

In re Moore, 487 Fed.Appx. 109 (4th Cir. 2012).

The undersigned finds that Petitioner is not entitled to relief pursuant to a writ of *audita querela*. To the extent Petitioner is asserting ineffective assistance of counsel and challenging the validity of his plea agreement, Petitioner could have asserted such claims in his Section 2255 Motion. See Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996)(citation omitted)(*audita querela* is not available to challenge a conviction or sentence where such claims could have been raised pursuant to 28 U.S.C. § 2255); United States v. Aguilar, 164 Fed.Appx. 384 (4th Cir. 2006)("[B]ecause § 2255 exists as a vehicle for collaterally attacking a conviction or sentence, the use of an extraordinary writ [of audita querela] for the same purpose is inappropriate."); Little v. United States, 2016 WL 5402764, * 3 (S.D.W.Va. Sept. 27, 2016)(J. Johnston)("As section 2255 provides a statutory mechanism that covers Petitioner's claims, he may not avail himself of a petition for writ of *audita querela* to pursue these claims.") To the extent Petitioner contends that Booker results in a "gap" allowing relief

pursuant to a writ of *audita querela*, the undersigned will briefly consider the claim. In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) to the Federal Sentencing Guidelines and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756. The Fourth Circuit, however, has determined that "neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review." United States v. Fowler, 133 Fed.Appx. 922, 922-23 (4th Cir. 2005); United States v. Morris, 429 F.3d 65 (4th Cir. 2005)(The rule announced in *Booker* is a new rule of criminal procedure that is not available for post-conviction relief for federal prisoners whose convictions became final before *Booker* or *Blakely*.) Since Petitioner is barred from filing a successive Section 2255 Motion asserting his Booker claim, Petitioner argues that he is entitled to seek relief pursuant to a writ of *audita querela*. Petitioner's foregoing claim, however, is without merit. If Booker is eventually found to be retroactive, 28 U.S.C. § 2255 would allow Petitioner to file a successive Section 2255 Motion. Therefore, there is no "gap" that would need to be filled by the granting of a writ of *audita querela*. See United States v. Richter, 510 F.3d 103 (2nd Cir. 2007)(finding writ of *audita querela* not available to defendant raising *Booker* claim even though claim was time-barred under Section 2255); Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007)(finding writ of *audita querela* unavailable to a defendant seeking relief under *Booker* even though claim was barred as successive under Section 2255); Jones v. United States, 2011 WL 740734, * 1 (S.D.W.Va. Feb. 23, 2011)(J. Johnston)(denying petitioner's petition for writ of

*audita querela* based upon *Booker*). Furthermore, it is well recognized that statutory limits on successive *habeas* petitions does not create a "gap" in the post-conviction relief that can be filled by a petition for writ of *audita querela*. See Ortiz v. United States, 555 Fed.Appx. 261, 262 (4th Cir. 2014)("[P]risoners may not resort to such writs [under the All Writs Act] when their challenges would be cognizable under § 2255 or to otherwise circumvent the statutory limits on collateral attacks."); In re Moore, 487 Fed.Appx. 109 (4th Cir. 2012)("The fact that [petitioner] cannot proceed under § 2255 unless he obtains authorization from this court to file a successive motion does not alter this conclusion"); United States v. Sessoms, 488 Fed.Appx. 737 (4th Cir. 2012)(finding that a writ of *aduita querela* is not available to a petitioner even though a petitioner may not proceed under Section 2255 unless he obtains authorization from the Fourth Circuit to file a successive motion)(citing Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007)); Carrington, supra, 503 F.3d at 890("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); Broaddus v. United States, 2013 WL 6385302, * 5 (W.D.N.C. Dec. 6, 2013)(finding "the fact that a § 2255 motion is time-barred does not create a 'gap' that warrants extraordinary relief under the writ of *audita querela*"); Brown v. United States, 2007 WL 4723378 (D.S.C. Nov. 2, 2007)(writ of *audita querela* not available to circumvent restrictions of 28 U.S.C. § 2255). Based upon the foregoing, the undersigned respectfully recommends that Petitioner's Petition for Writ of *Audita Querela* be denied.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of *Audita Querela* (Document No.

115), and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: March 22, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge